# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 3:17-CR-00298-6-RDM |
| | : | |
| CARLOS SANTURTAN-TERAN | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant previously filed a Motion to Dismiss the Indictment against him for improper venue. In the alternative to dismissal, Defendant sought that venue be transferred to a District Court in the State of Michigan. The Government has since filed an Opposition Brief. In response thereto, Defendant files the instant Reply.

It must first be noted that the Government's Brief adds essentially no new conduct than that discussed in Defendant's Opening Brief. Quite simply, the Government continues to rely on a telephone call made by someone in the Middle District to Defendant – who was located outside of the Middle District – as the sole grounds to support venue in the Middle District. The Government has not proffered any evidence that any controlled substance ever entered the Middle District. The Government has not proffered any evidence that any marijuana was ever possessed or distributed by any alleged conspirator within the Middle District.

The Government claims that co-defendant Jose Gonzalez managed a drug operation in Michigan via telephone from the Middle District. No specific

criminal activity is alleged to have occurred in the Middle District. In fact, the investigation into criminal activity did not even take place in the Middle District. The investigation began in Connecticut, where the wire interceptions at issue were authorized. The Government concedes that Defendant was a resident of Florida and has proffered no evidence that he ever entered the Middle District.

There is quite simply no reason to have venue in the Middle District. The Government is grasping at straws. Without evidence that drugs ever even entered the Middle District or something more having occurred in this District, there cannot be venue, and the case should be dismissed.

The Government also asks the Court to deny change of venue because the Defendant is from Florida, not Michigan – the District to which the prosecution would be transferred. This is largely irrelevant. The investigators at issue are not from the Middle District. The witnesses to the grow operation are not in the Middle District. The witnesses are in Michigan. Those not in Michigan are in Connecticut. None are in the Middle District. The Government asks the Court to ignore these salient facts and focus only on Defendant's residence. This missed the point. All of the *Bloom* factors fall in favor of transfer.

It should also be noted that the Government concedes that the grow-operation in Michigan was lawfully registered in the State of Michigan, where medical marijuana was lawful at the time of the instant allegations. It is quite

possible that state or federal authorities in Michigan would not prosecute this case for that reason. It appears likely that this case is a result of inappropriate forum shopping by the Government. This does not relieve the Government of its burden of proving venue. It has not, and the prosecution should either be dismissed or transferred.

>Respectfully Submitted,
>
>*/s/ Matthew T. Comerford*
>_____
>Matthew T. Comerford, Esq.
>Attorney for Defendant